GRAND RIVER AVENUE DEVELOPMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34681.   Promulgated June 27, 1928.

*H. A. Mihills, C. P. A.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

OPINION.

LITTLETON : The question here presented is whether, where the petitioner is reporting its income on the installment basis in 1923 and 1925, it should include in its income for such years profits which are shown on the installment basis to have been realized in such years, but which profits were reported and taxed in 1916 on the completed-contract basis and which year has been finally closed under the provisions of section 1312, Revenue Act of 1921.

In *Blum's, Inc.*, 7 B. T. A. 737, the Board held that:

A taxpayer who changes from the straight accrual method to the installment sales method of returning income must return as income of the year in which the change is made, and of all subsequent years, a proper proportion of all installment payments, actually received in those years, relating to sales effected in years prior to the change in method, notwithstanding that the entire profits from the sales to which such payments relate were, under the method of returning income then employed, returned and taxed as income of the years in which such sales were effected. In this respect, article 42 of the Commissioner's Regulations 45, promulgated April 17, 1919; the same article of the Commissioner's Regulations 45, promulgated December 29, 1919, and the same article of the Commissioner's Regulations 69, are approved as properly interpreting the statutes.

As we understand the petitioner's contention, it is that the so-called double taxation which results from the interpretation of the statute as set forth in aforementioned decision would not be applicable in its case for the reason that the return for the prior year in which the profits were taxed on a different basis from that now employed has been finally closed under the provisions of section 1312 of the Revenue Act of 1921, which reads as follows:

That if after a determination and assessment in any case the taxpayer has without protest paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with

the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States.

The Commissioner moved to dismiss the appeal on the ground that the allegations contained in the petition do not afford a basis for the relief sought for the reason that the rule laid down in *Blum's, Inc., supra,* would require the taxation of these collections, regardless of how they were treated in prior years.

Whether the contention made by the petitioner is sound and likewise whether the reasons advanced by the Commissioner require the granting of his motion to dismiss, it becomes unnecessary to decide because of the fact that since the hearing on this motion the Revenue Act of 1928 has been enacted, which provides in section 705 (a) as follows:

If any taxpayer by an original return made prior to February 26, 1926, changed the method of reporting his net income for the taxable year 1924 or any prior taxable year to the installment basis, then, if his income for such year is properly to be computed on the installment basis—

(1) No refund or credit of income, war-profits, or excess-profits taxes for the year in respect of which the change is made or any subsequent year shall be made or allowed, unless the taxpayer has overpaid his taxes for such year, computed by including, in computing income, amounts received during such year on account of sales or other dispositions of property made in any prior year; and

(2) No deficiency shall be determined or found in respect of any such taxes unless the taxpayer has underpaid his taxes for such year, computed by excluding, in computing income, amounts received during such year on account of sales or other dispositions of property made in any year prior to the year in respect of which the change was made.

In view of the foregoing provisions, the motion to dismiss is denied and the Commissioner is given 30 days in which to answer.